NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

SEP 13 2019

FOR THE NINTH CIRCUIT

JINGHUI LU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 13-72427

Agency No. A087-601-052

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2019[**]

Before:      TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Jinghui Lu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applying the standards governing adverse credibility determinations created by the REAL ID Act. *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Lu's submission of a falsified document, and the inconsistency between Lu's testimony and asylum application as to her employment in China. *See id.* at 966-67 (fraudulent document properly considered and adverse credibility determination supported under the totality of the circumstances). Lu's explanations do not compel a contrary result. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Lu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lu's CAT claim fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

13-72427